Price, J.
The reasons assigned by the auditor for his construction of section 1069, Revised Statutes, and which he sets out as part of his answer, are-argument rather than pleading, and have no weight, against the demurrer, unless the meaning of that section is doubtful or uncertain. Or to state it otherwise, if the language of the section is plain,, extrinsic facts and circumstances as to the effect and consequences of its operation — whether his compensation is adequate of inadequate — should not be considered. The whole controversy is as to the meaning; of said section.
The auditor maintains that in apportioning to the' Newtown School District the sum of $1,452.67 as its distributive share of the school levies, the amount-due. said district should be, and it was by him, ascertained, by a calculation made upon the basis of the-entire gross collections of the grand duplicate at the. *105 rate per cent, fixed by said section, with one per cent, additional on school district funds. As against this, the relator claims that said district is entitled to the sum of $1,455.61, the total amount of the school levies for said district, based on a like per cent, on the gross collections of the grand duplicate, but after deducting therefrom the-.collections made under levies by and for school districts of the county. The difference of views reduced to money, is $2.94, for which a writ of mandamus is asked against the auditor.
Before proceeding further, and as statutes are subject to amendment and repeal, we incorporate the important section referred to in this opinion.
“Section 1069. (Compensation of auditor.) The county auditor, on settlement semi-annually with the county treasurer and the auditor of state, shall be allowed as compensation for his services the following percentages on all moneys collected by the county treasurer on the grand duplicate of the county, and the same shall be apportioned ratably by the county auditor and deducted from the shares or portions of revenue payable to the state as well as the county, townships, corporations and school districts, to-wit: On the first ten thousand dollars, two and one-half per cent.; oh the next ten thousand dollars, one and one-half per cent.; on the next ten thousand dollars, one per cent.; on the next ten thousand dollars, seven-tenths of one per cent.; on the next two hundred thousand dollars, four-tenths of one per cent.; and on all further sums, two-tenths of one per cent.; and on all moneys collected on any special duplicate, five-tenths of one; and on moneys collected on levies made by school boards, one per cent., to be paid as nearly as possible in equal monthly payments, or *106 that monthly estimates in lieu of said salary shall be allowed to said auditor and paid to him by the county treasurer. Provided, however, that in any county whose auditor receives a fixed compensation payable out of the fee fund of said county, the compensation herein provided for shall be received and paid in by him to the credit of said fee fund of said county, as earnings of the county auditor’s office.”
The question therefore arises: is the graded per cent, prescribed by this section based on the collections of the entire grand duplicate, or, upon the total amount thereof after deducting the aggregate of all the collections made upon levies, by the local school boards of the county? Should the school funds apportioned to each school district be counted as a part of the grand duplicate to form the basis of the percentage prescribed in the section, and be also subject to one per cent, as provided in a subsequent clause? There seems to be no dispute about the right to the one per cent, on moneys collected on levies made by the school boards, and this being conceded, it is insisted that when the auditor takes the collections on the grand duplicate as the basis for the percentage allowed in the preceding language of the section, he should, before laying the percentage, deduct from the amount of the grand duplicate, the aggregate of the collections made upon levies by the local school boards; otherwise he will receive double percentage on such school funds.
The amended section under consideration was enacted May 12, 1902 (95 O. L., 574). It is entitled “An act to amend sections 1069 and 1117, and to repeal sections 1070 and 1072, Revised Statutes.” Section 1069 in the revision referred to together with section 1070 provided for compensation of *107 county auditors on a basis of population. Section 1117 in tbe revision referred to provided for the compensation of county treasurers on a percentage of amount collected. The amendment of this section by the act of May 12, 1902, made some changes in the compensation of the treasurer with which we are not here concerned. But the change in section 1069 was quite radical, and the compensation of the county auditor is now a percentage based on the several sums specified in the act as collected by the county treasurer on the grand duplicate of the county. The rate of percentage is graded, and is to be determined on settlement semiannually with the county treasurer and the auditor of state, when he shall be allowed as compensation for his services the certain percentages on all moneys collected by the county treasurer on the grand duplicate of the county, and the same shall be apportioned ratably by the county auditor and deducted from the shares or portions of revenue payable to the state, as well as to the county, township, corporations and school districts. We have in this language the basis of compensation couched in clear and unambiguous language, — “shall be allowed as compensation for his services the following percentages on all moneys collected by the county treasurer on the grand duplicate of the county,” — and after this basis is used in the calculation to ascertain the compensation, “the same shall be apportioned ratably by the county auditor and deducted from the shares or portions of revenue payable to the state, as well as the county, township, corporations and school districts,!’ etc. The school funds raised by local levy are collected on the grand duplicate and are a part of the same, and as such are collected by the county treasurer, *108 and hence the percentage laid is on all moneys collected on the grand duplicate, including school moneys raised by local levies, unless there is something in the balance of the section to exclude such meaning. But we discover nothing to indicate a different meaning.
On the contrary the legislative purpose is made more manifest in fixing the schedule of amounts upon which the varying rates of percentages are laid. On the first ten thousand dollars, the rate is. two and one-half per cent.; on the next ten thousand dollars, the rate is one and one-half per cent.; on the next ten thousand dollars, it is one per cent.; on the next ten thousand dollars, it is seven-tenths of one per cent.; on the next two hundred thousand dollars, it is four-tenths of one per cent.; and on all further sums, two-tenths of one per cent.
If the section ended thus, who would deny that school funds raised from levies made by school boards should be included in collections made by the county treasurer on the grand duplicate of the county? Beyond doubt they would be so included.
But the balance of the section says: “and on all moneys collected- on any special duplicate, four-tenths of one; and on moneys collected on levies made by school boards one per cent., to be paid,” etc.; and it is urged that as there is an express provision here, that the auditor’s per cent, on school moneys is one per.cent., such moneys should not be counted as a part of the grand duplicate on which his percentage is calculated in the former part of the section.’ To do so, it 'is said, will give him double percentage as to such school funds. If we assume the latter to be a fact, can it change the plain language of the former provision?
*109 If the relator’s position is to he sustained, it must he sustained by reading into the section under consideration a very valuable exception, that could easily have been expressed in simple words, had the legislature intended it to exist and have operation. The section is but one provision, and that is a provision for the compensation of county auditors. It is not to be separated so as to consider one paragraph a general, and the other part a special statute. This construction is attempted by relator’s counsel and when they so have the premises, they quote the rule, that a special statutory provision upon a particular subject supersedes and takes the place of a more general provision found elsewhere in the statute. This rule is sought to be drawn from the opinion of the court in Railway Co. v. Commissioners, 71 Ohio St., 454. The statutes there under consideration were separate and distinct enactments, being sections 5182, 6411, and 6451, Revised Statutes — the former a part of title one and the latter two a part of title two. It would be carrying the above doctrine to an unjustifiable extreme, to apply it here where the premises do not exist. There are no two statutes in section 1069. It provides for the compensation of county auditors, and after it fixes a percentage on the several sums collected on the grand duplicate of the county, which include school moneys. levied by local boards, it provides an additional one per cent, on moneys collected, on levies made by school boards.
It is claimed for the auditor that this addition is made, because of the extra or additional service rendered by him on account of those local levies; that besides the making up of the grand duplicate, he must prepare a tax list to show what property and persons are in the school district; make settle- *110 merits and distributions for each district, not only with the county treasurer, but with the school treasurers, making a complete record of all such transactions. This may have been in mind when the section was enacted. We cannot say. We can only determine what the legislature meant by what it has plainly said.
We think the court rendered the proper judgment and it is' affirmed.

Judgment affirmed.

Davis, C. J., Shauck and Crew, JJ., concur.